UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

DONALD BLEVINS,                          )
                                         )
            Plaintiff,                   )        Civil Action No. 10-00107-HRW
                                         )
v.                                       )
                                         )        **MEMORANDUM OPINION**
REBECCA K. PHILLIPS, *et al.*,           )        **AND ORDER**
                                         )
            Defendants.                  )

***** ***** ***** *****

Plaintiff Donald Blevins, who lists his address as 535 Ernest Drive, Marshall,

Texas, 75670-8343, has filed a *pro se* complaint asserting constitutional claims

against two Carter County, Kentucky officials, and one John Doe Defendant.[1] [D. E.

No. 2]. Blevins has paid the $350.00 filing fee. [D. E. No. 7]. For the reasons set

forth below, the Court will dismiss Blevins's Complaint with prejudice for failure to

state a claim upon which relief can be granted.

## DISCUSSION

Blevins alleged that during an acrimonious state-court divorce proceeding, his

former spouse and her relatives, all of whom he alleges were involved in law

enforcement in Carter County, Kentucky, caused criminal charges to be filed against

---

[1]

The named defendants are: (1) Rebecca K. Phillips, Carter County Circuit Judge; (2) David
Flatt, Carter County Public Advocate; and (3) an unidentified "individual."

him in the Carter County Court. Blevins alleged that during that criminal proceeding, Judge Rebecca Phillips, the presiding judge, denied him due process of law and thus violated his rights under the Fourteenth Amendment of the United States Constitution. He also claimed that David Flatt, his public defender, rendered ineffective assistance of counsel and thus violated his rights under the Sixth Amendment of the United States Constitution. Blevins stated:

> With all his medical problems and the evil forces against them, Plaintiff never had a chance at justice. The chronology of events that got Plaintiff convicted are the same reasons that plaintiff could never expect to get any form of justice in the Carter County Court. The reason that the only court that Plaintiff could go to expect a fair hearing is this, the federal court.
>
> . . .
>
> With the defendants, Judge Rebecca K. Phillips and the Public Advocate David Flatt, and possibly Plaintiff's own attorney, Michael Curls, all from Carter County and the town of Grayson, Kentucky. Where Plaintiff's wife and her cousins are from. With that many related influential official in the local government, all against Plaintiff, Plaintiff did not have a fighting chance of obtaining justice there.

[D. E. No. 2, p. 3].

Blevins did not identify what specific charges were file against him or when they were filed, but he attached as an exhibit to his Complaint the "Commonwealth's Offer on a Guilty Plea" in *Commonwealth v. Donald Blevins*, Carter Circuit Court, Case No. 05-CR-00086, showing that he was charged in with three counts of sexual

2

abuse in the third degree. [D. E. 2-1, pp. 1-2]. According to that exhibit, the plea

agreement contained the following recommendations:

> "2 yrs on each count concurrent; fine at Court's discretion. The
> Commonwealth recommends 5 yrs supervised probation due to
> Defendant's health."

*Id.*

Blevins alleged that David Flatt persuaded him to sign the plea agreement, and

that he (Blevins) signed it on July 15, 2008, with the express understanding that by

pleading guilty, he would be subject only to the two specific conditions set forth in

the plea agreement. Blevins stated that when Judge Rebecca Phillips sentenced him

on September 16, 2008, she imposed four additional conditions which were not a part

of the plea agreement which he had signed on July 15, 2008.

These conditions were: (1) identifying his guilty plea as a "Sex Offender

Conditional Discharge;" (2) requiring him to register as a sex offender; (3) requiring

him to provide DNA samples, and (4) requiring him to participate in a sexual offender

treatment program. Blevins claimed that the imposition of these additional conditions

violated his right to due process of law and constituted a breach of contract, *i.e.*, a

breach of the terms of his plea agreement.

Blevins further complained that after his conviction, and while he was confined

in the Kentucky State Reformatory, he experienced the stigma of being labeled as a

sexual offender, and that the stigma would prevent him from obtaining gainful employment upon his release. Blevins seeks over $300,000.00 in compensatory damages from the defendants, plus unspecified punitive and exemplary damages for their alleged violations of his constitutional rights.

## DISCUSSION

Blevins has been granted *in forma pauperis* status. Under 28 U.S.C. § 1915(e), a district court must dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). As explained below, because Blevins' claims lack an arguable basis in law or fact, they will be dismissed with prejudice.

The Court takes judicial notice of the official proceedings in the Carter Circuit Criminal Case, the docket sheet of which is of public record. On August 1, 2005, Blevins was indicted in Carter Circuit Court for three counts of sexual abuse. *See Commonwealth of Kentucky v. Donald Blevins*, Carter Circuit Case No. 05-CR-

---

2

An *in forma pauperis* claim asserted by a non-prisoner plaintiff may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir.1985).

00086, Hon. Rebecca K. Phillips presiding ("the Carter Circuit Criminal Case").

According to that docket sheet, on July 16, 2008, Blevins pleaded guilty to three counts of sexual abuse in the the Carter Circuit Criminal Case. On September 16, 2008 Judge Phillips sentenced Blevins to a concurrent two-year prison term on each count; imposed a fine and court costs; and required Blevins to complete a sexual offender treatment program.

On October 3, 2008, Blevins appealed his conviction and sentence to the Kentucky Court of Appeals. *See Blevins v. Commonwealth of Kentucky*, Appellate Case No. 2008-CA-001871, http://apps.courts.ky.gov/coa_public/caseInfo. According to the docket sheet of Case No. 2008-CA-001871, Blevins filed a motion to dismiss his appeal on June 9, 2009, [Appellate Docket Entry No. 24], and the Kentucky Court of Appeals granted that motion on July 17, 2009, [Appellate Docket Entry No. 25]. The dismissal of Blevins' appeal became final on September 10, 2009, [Appellate Docket Entry No. 26].[3]

Blevins claims in his § 1983 Complaint that Judge Phillips improperly imposed additional conditions on him at sentencing, and that his attorney rendered infective

---

[3]

According to the docket sheet from the Carter Circuit Criminal Case, on June 24, 2009, while Blevins' appeal was pending, he filed a motion in that proceeding seeking a waiver of the sex offender treatment program, based on his accrued good-time credit. Judge Phillips denied the motion on that same date.

assistance on counsel by failing failed to prevent those conditions from being imposed. He states that "This action is a challenge to the actions taken by the defendants that violated the Plaintiff's Constitutional Rights." [D. E. No. 2, p. 1].

To the extent that Blevins alleges that Judge Phillips and David Flatt denied him due process of law and/or denied him effective counsel during the Carter Circuit Criminal Case, and to the extent that he seeks damages from them based on that alleged conduct, his claims are barred by the doctrine set forth in *Heck v Humphrey*, 512 U.S. 477 (1994). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id.* at 486-87. Thus, before Blevins can seek damages in a 42 U.S.C. § 1983 civil rights proceeding against those involved in his criminal conviction, he must show a favorable termination of his criminal conviction and/or sentence, which essentially requires showing that his conviction and/or sentence have been overturned or set aside.

Blevins could have challenged the allegedly "additional" conditions imposed on him at sentencing (namely, the requirement that he complete the sexual offender treatment program), in the 2008 appeal which he filed in the Kentucky Court of Appeals. Instead, he asked to dismiss his state-court appeal in 2009, and thus

abandoned any challenge to that aspect of his state-court criminal sentence.

Blevins now stands convicted of three counts of sexual abuse. He does not allege that his criminal conviction and/or his sentence have been set aside or reversed, or otherwise called into question. Nothing in the docket sheets of either the Carter Circuit Criminal Case or the Kentucky Court of Appeals case indicate that Blevins' criminal conviction and/or sentence have been set aside ore reversed, or otherwise called into question.

Under *Heck*, unless and until Blevins's criminal conviction and sentence are reversed, set aside, or otherwise called into question by a tribunal authorized to do so, he cannot show a favorable termination of his criminal conviction, and he cannot collaterally attack his criminal conviction by seeking damages from the defendants in a § 1983 civil rights action. Allowing Blevins to proceed with a 1983 civil rights action against those involved in his criminal prosecution (Judge Phillips and David Flatt, his public defender, and an unidentified "John Doe" defendant involved in his criminal prosecution) would necessarily imply the invalidity of the his conviction and confinement, a result which *Heck* prohibits.

Further, the *Rooker-Feldman* doctrine bars Blevins's claims against the defendants. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme

Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n. 16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). If Blevins wished to challenge his conviction, he was required to have appealed his conviction through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States. As noted, Blevins asked to dismiss his own appeal.

Blevins' claims against Judge Phillips and David Flatt, his public defender, must be dismissed for other reasons. Judges are absolutely immune from suit for an alleged deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction, and so long as the complained-of act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also, Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if procedural errors occurred. *Stump v. Sparkman*, 435 U.S. at 359.

8

Here, the docket sheet from the Carter Circuit Criminal Case reveals that Judge Phillips imposed a sentencing condition requiring Blevins to complete a sexual abuse treatment program during a sentencing proceeding. She did not impose that condition "in the absence of all jurisdiction." Furthermore, she imposed that sentence in her judicial capacity. Judge Phillips is therefore entitled to absolute judicial immunity with respect to the sentence she imposed on Blevins, regardless of Blevins' dissatisfaction with that aspect of his criminal sentence. Blevins fails to state a claim upon which relief can be granted against Judge Phillips, and his claims against her will be dismissed.

Finally, Blevins asserts Sixth Amendment claims against David Flatt, his public defender. But Flatt was and is not a "state actor" against whom liability can be imposed under 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful [.]" *Id.* at 50(quotation marks and citations omitted).

The Sixth Circuit applies a three-part test to determine if private conduct is

fairly attributable to the state:

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state .... The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)).

Neither public defenders nor court appointed criminal defense counsel qualify as state actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender is not a state actor when performing the traditional functions as defense counsel); *Anderson v. Sonenberg*, 111 F.3d 962 (D.C.Cir.1997) (unpublished table decision). Therefore, Blevins fails to state a claim upon which relief can be granted against David Flatt.

Because Blevin fails to state a claim upon which relief can be granted against any named defendant, the Court will dismiss, with prejudice, his Sixth and Fourteenth Amendment claims against them. 28 U.S.C. §§ 1915(e); 1915A.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

10

(1)    Plaintiff Donald Blevins' 42 U.S.C. § 1983 Complaint, [D. E. No. 2], is

**DISMISSED WITH PREJUDICE**.

(2)    Judgment shall be entered contemporaneously with this Memorandum

Opinion and Order in favor of the Defendants.

This 8th day of November, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge